Dear Mr. Stokes:
You have asked us to determine whether the full-time director of the child support section of the district attorney's office may also hold the elected office of police juror. We respond in the affirmative.
For purposes of dual officeholding, employment with the district attorney's office is considered employment in a "political subdivision" of the state. R.S. 42:62(9) defines "political subdivision:" and states:
 (9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added)
An individual serving as police juror holds local elective office within a separate political subdivision of the state. See R.S. 42:62(9). The prohibition of the Dual Officeholding and Dual Employment Law which might be applicable is found in LSA-R.S. 42:63(D), providing:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The law does not prohibit one from holding local elective office and full-time employment in a separate political subdivision.
Of concern are the incompatibility provisions of R.S. 42:64(A) (6), providing:
 A. In addition to the prohibitions otherwise provided in this part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
* * * * *
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
You state that the District Attorney's Office is reimbursed by the State of Louisiana for the expenses of operating the child support section, including the expenses of the director who manages the child support section. The incompatibility provisions are invoked only when an individual in one office or employment personally remits funds to himself by virtue of his holding another office or employment. See Attorney General Opinion 99-368(A). As the police jury does not fund these expenses, R.S. 42:64A(6) is inapplicable. Thus, we conclude both positions may be held concurrently.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: September 26, 2003